IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2019 JUL 19 AM 9: 53

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

LEON BRIGHT,         )
                  )
  Plaintiff,         )
                  )
vs.               )  CASE NO. 8:19cv 1756 T 30 SPF
                  )
KAST CONSTRUCTION CO., LLC,  )
                  )
  Defendant.         )
_____)

**COMPLAINT FOR DAMAGES, AND DEMAND FOR JURY TRIAL**

The Plaintiff, LEON BRIGHT, by and through his undersigned attorneys, hereby files his Complaint against the Defendant, KAST CONSTRUCTION, LLC, and states:

**NATURE OF THE ACTION**

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), and for violations of 42 U.S.C. § 1981, seeking damages in excess of $75,000.00, exclusive of interest and costs, as well as equitable relief, attorneys' fees and court costs.

**PARTIES, JURISDICTION, AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 198, and 28 U.S.C. § 1331 and 1343(a).

3. Venue is proper under 28 U.S.C. § 1391(a), because the activities of which are complained occurred within the Middle District.

4. LEON BRIGHT is an African-American male who resides in Riverview, Florida in Hillsborough County, Florida.

5. Defendant KAST CONSTRUCTION CO., LLC., is a Florida limited liability company, with an office that it operates in Tampa, Florida. The Defendant operates offer services throughout the state of Florida, including Tampa, Florida.

6. At all times material, LEON BRIGHT was an employee within the meaning of 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

7. The Defendant is an employer within the meaning of 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

8. At all times material, the Defendant was an employer of LEON BRIGHT in its Tampa location.

## GENERAL ALLEGATIONS

9. LEON BRIGHT has complied with all conditions precedent, including timely filing a complaint with the EEOC within 300 days of termination, and filing this Complaint within ninety (90) days of receiving the Notice of Right to Sue Letter from the EEOC.

10. BRIGHT has exhausted all administrative remedies with the administrative agency charged with investigating and managing his claim.

11. BRIGHT has satisfied all administrative remedies precedent to the filing of this action pursuant to Title VII.

12. At all times, the Defendant acted intentionally or with malice and with reckless disregard for BRIGHT's federally protected rights.

## FACTS

13. BRIGHT is a member of a protected class, based on his race as an African-American.

14. On August 2, 2018, BRIGHT was hired by the Defendant as a full-time construction

employee.

15. On October 2, 2018, the Defendant terminated BRIGHT's employment.

16. At all times material, BRIGHT was qualified to hold the position for which he was hired, and performed his duties in a competent fashion.

17. BRIGHT's immediate supervisor at a job site in October 2, 2018 was a man named Mr. Teedo.

18. Mr. Teedo's supervisor was a white male named Joe l/n/u.

19. On or around October 2, 2018, while BRIGHT was working at a job site doing construction, Joe confronted BRIGHT.

20. Joe used racial slurs towards BRIGHT, and accused African-American employees of being lazy.

21. Joe also said the word "nigger" out loud in the presence of BRIGHT and while referring to African-American employees, including BRIGHT.

22. Joe stated that Joe was tired of African American employees being lazy, and walking around and not doing anything.

23. Following that confrontation, BRIGHT contacted Mr. Teedo regarding what had transpired, Mr. Teedo informed BRIGHT that BRIGHT's employment was terminated as Joe did not want BRIGHT to come back.

24. On October 11, 2018, BRIGHT filed a complaint with the EEOC against the Defendant for discrimination based on race.

25. On April 23, 2019, BRIGHT received a Notice of Right to Sue Letter from the EEOC. The EEOC has dismissed and closed the case.

26. BRIGHT has hired the undersigned attorneys and has agreed to pay them a fee for

their attorneys' fees and costs.

## COUNT I – VIOLATION OF 42 U.S.C. § 2000E

27. BRIGHT realleges and incorporates the allegations contained in Paragraphs 1 through 26 of his Complaint as if set forth herein in full.

28. BRIGHT is a member of a protected class based on his race.

29. BRIGHT was qualified for the position for which he was employed.

30. BRIGHT suffered an adverse employment action, including, but not limited to, being terminated from his employment.

31. Other employees who were not of the same protected class as BRIGHT were treated more favorably by the Defendant.

32. BRIGHT suffered damage as a result of the Defendant's intentional violation of 42 U.S.C. § 2000e.

33. BRIGHT was damaged by the Defendant's violation of 42 U.S.C. § 2000e, for which BRIGHT is entitled to legal and injunctive relief.

WHEREFORE, the Plaintiff, LEON BRIGHT, demands:

(a) A jury trial on all issues triable,

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein,

(d) Compensation for lost, wages, benefits, and other remuneration,

(e) Reinstatement of the Plaintiff to a position comparable to the Plaintiff's prior position, or the alternative, front pay;

(f) Compensatory damages, including, but not limited to, emotional distress, to the full extent allowable by law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II – VIOLATION OF 42 U.S.C. § 1981

34. BRIGHT realleges and incorporates the allegations contained in Paragraphs 1 through 26 of his Complaint as if set forth herein in full.

35. BRIGHT is a member of a protected class based on his race.

36. BRIGHT was subjected to disparate treatment by the Defendant based on his race, including being terminated from his employment.

37. The foregoing actions constitute unlawful discrimination in violation of 42 U.S.C. § 2000e.

38. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination against BRIGHT, BRIGHT has suffered and will continue to suffer pain, mental anguish, emotional distress, loss of earnings, and other employment and job opportunities.

39. The Defendant's actions, including terminating BRIGHT, was willful and done with malice.

40. BRIGHT was damaged by the Defendant's violation of 42 U.S.C. § 1981, for which BRIGHT is entitled to legal and injunctive relief.

WHEREFORE, the Plaintiff, LEON BRIGHT, demands:

(k) A jury trial on all issues triable,

(l) That process issues and that this Court take jurisdiction over the case;

(m) An injunction restraining continued violation of law enumerated herein,

(n) Compensation for lost, wages, benefits, and other remuneration,

(o) Reinstatement of the Plaintiff to a position comparable to the Plaintiff's prior position, or the alternative, front pay;

(p) Compensatory damages, including, but not limited to, emotional distress, to the full extent allowable by law;

(q) Prejudgment interest on all monetary recovery obtained;

(r) All costs and attorney's fees incurred in prosecuting these claims; and

(s) For such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff, LEON BRIGHT, requests a trial by jury on all issues so triable.

Dated this 19th day of July, 2019.

Respectfully submitted,

*/s/ Satyen Gandhi*

SATYEN GANDHI
Florida Bar Number: 18108
Direct No.: 813-280-1182
**Carpenter Gandhi, PLLC**

511 West Bay Street
Suite 367
Tampa, Florida 33606
Telephone: (813) 280-1180
Facsimilie: 813-254-3999
Email: Sat@CarpenterGandhi.com
Lead and Trial Attorney for the Plaintiff